# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| **WILLIAM ROBINSON**, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:21-cv-762-BJB |
| v. | ) |
| | ) Removed from: |
| **METZ CULINARY** | ) Bullitt Circuit Court |
| **MANAGEMENT, INC.**, | ) Civil Action No. 21-CI-00938 |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Metz Culinary Management, Inc., ("Metz" or "Defendant"), by and through counsel, hereby respectfully appears for the purpose of removing to the United States District Court for the Western District of Kentucky at Louisville the action styled *William Robinson v. Metz Culinary Management, Inc.*, Civil Action No. 21-CI-00938 (the "State Court Action"), currently pending in Bullitt Circuit Court, Shepherdsville, Kentucky. As grounds for the removal, Defendant states as follows:

1. Plaintiff William Robinson ("Plaintiff") initiated litigation against Defendant on November 17, 2021, by filing his Complaint in the State Court Action. Defendant was served on November 23, 2021. Plaintiff's Complaint (the "Complaint") filed in State Court, plus written discovery requests[1] contemporaneously filed, comprise the State Court

---

[1] Upon removal of a matter to federal court, state court discovery requests served prior to removal in state court become null and void.

Record, attached collectively hereto as **Exhibit A**.

2. In his Complaint, Plaintiff purports to plead two claims: (1) unlawful retaliation under the KCRA and (2) race discrimination under the KCRA.

3. Pursuant to 28 U.S.C. §§ 1441 and 1446, the State Court Action may be properly removed to this Court at any time within thirty (30) days from Defendants being served with Plaintiff's Complaint and Summons. Defendant timely files this removal within thirty (30) days of service.

## DIVERSITY OF CITIZENSHIP

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

5. Pursuant to 28 U.S.C. 1332(c)(1), a corporation is deemed to be a citizen of "every State … by which it has been incorporated and of the State … where it has its principal place of business." Metz is incorporated under the laws of Pennsylvania and its principal place of business is located in Pennsylvania. Accordingly, Defendant is a citizen of the state of Pennsylvania.

6. Based upon the Complaint and Plaintiff's representations, he is a citizen of the Commonwealth of Kentucky. He resides in Louisville, Kentucky and worked at Defendant's Shepherdsville location in May 2021. *See* **Exhibit A** at Complaint ¶¶ 1, 3, 4.

7. Thus, the parties are completely diverse for the purposes of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS

8. The damages claimed by Plaintiff exceed $75,000, exclusive of interest and costs.

9. While Plaintiff states in his Complaint that he is not seeking damages in excess of $75,000, **Exhibit A** at Complaint ¶ 3, that unverified and unenforceable allegation should not control as to the amount in controversy. The Kentucky Rules of Civil Procedure permit Plaintiff to state in the Complaint that he seeks less than $75,000, but later seek and recover damages exceeding that amount. *See* CR 54.03(2); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (when a state enables a plaintiff to claim in his complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for, the removing defendant must show it is more likely than not that the plaintiff's claims meet the amount in controversy).

10. If Plaintiff really desired to limit his potential damages, he had every opportunity to file a Stipulation of such limitation in State Court with his Complaint. Plaintiff's unverified and unenforceable allegation in his Complaint, when viewed against his highly transparent failure to file a Stipulation permitting enforcement of a damages limitation, amounts to blatant gamesmanship that this Court should not endorse. Either Plaintiff should file a Stipulation with his Complaint, or he should be held to the removal jurisdiction of this Court.

11. Even if Plaintiff were to attempt to file a post-removal stipulation stipulating that the amount in controversy is less than $75,000, that would not suffice to defeat federal diversity jurisdiction. *See Rogers*, 230 F.3d at 872 (holding that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction").

12. Here, at a minimum, Plaintiff seeks to recover damages for past and future

lost wages, past and future lost benefits, "compensatory damages including but not limited to emotional distress, mental anguish, humiliation[,] and embarrassment," attorney fees, and punitive damages. **Exhibit A** at Complaint ¶¶ C-F.

13. Plaintiff worked full-time as a Floor Care Person in the Emergency Department, earning $12.00 per hour. Accordingly, his annualized wages amount to $24,960.00. Where Plaintiff filed his lawsuit on November 17, 2021 and this matter is being removed to federal court now, it is reasonable to presume that, even under an expedited schedule, any trial would not occur prior to eighteen months in the future. By that trial date, then, his back pay damages alone will total at least $37,440.00, exclusive of interests and costs. Plaintiff is also seeking recovery of future lost wages. **Exhibit A** at Complaint ¶ C. While Plaintiff has not specified a time period for which he seeks front pay, even assuming conservatively that he seeks only to recover two years' worth of front pay results in an estimated amount in controversy on front pay alone of approximately $49,920.00. Thus, the total amount of back and front pay in controversy, even by a conservative calculation, will exceed $87,360.00 at the time of trial.

14. Plaintiff also seeks compensatory damages for alleged "emotional distress, mental anguish[,] and embarrassment." **Exhibit A** at Complaint ¶ D. While Defendant denies that Plaintiff's allegations are true and that he is entitled to any damages, Kentucky lawsuits have resulted in as much as $1,570,805 and $1,319,805 for separate plaintiffs making similar claims. *See Kentucky Lottery Corp. v. Riles*, No. 2004-CA-001053-MR, 2007 WL 1785451, at *1 (Ky. Ct. App. June 8, 2007) (two plaintiffs alleged they had suffered race discrimination, including being subjected to different terms and conditions

of employment, and the jury entered a verdict in the plaintiffs' favor); See, e.g. Cohen v. Jewish Hosp. Healthcare Srvcs., 2008 WL 5244831 (Ky. Cir. Ct. 2008) (jury award of $657,257 on claims of employer's race discrimination).

15. Additionally, the amount in controversy requirement is met by Plaintiff seeking attorney's fees authorized by statute. See Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007); Carrollton Hospitality LLC v. Kentucky Insight Partners II LP, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (slip copy) (holding that estimated attorney fees of close to 50% of damages claimed is "not an unreasonable estimate" for purposes of determining the amount in controversy). While plaintiffs often recover in excess of $100,000 in multiple-claim matters such as this one, Defendant conservatively incorporates only $50,000 in attorney fees to the amount in controversy.

16. All told, removal is proper because the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a). See Dart Cherokee Basin Operating Co. LLC v. Owens, 135 S. Ct. 547, 554 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

17. In summary, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**SUPPLEMENTAL JURISDICTION**

18. To the extent the Court disagrees that it possesses either federal question or diversity jurisdiction over any claim pled by Plaintiff, the Court has supplemental

jurisdiction over these claims.

19. Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Specifically, all claims asserted by Plaintiff relate to the same alleged events – alleged mistreatment of Plaintiff regarding his employment with Defendant.

20. None of the four bases for declining supplemental jurisdiction set out in 28 U.S.C. § 1367(c) exist in this case because (1) the claims are neither novel, nor complex; (2) none of the claims "substantially predominate" over the other; (3) original jurisdiction has been established for a claim; and (4) there are no exceptional circumstances.

21. Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of Jefferson Circuit Court, Louisville, Kentucky.

**WHEREFORE**, Defendant prays that this Court assume control over this action as it has been properly removed on the grounds of diversity jurisdiction, and, if necessary, supplemental jurisdiction.

This the 23rd day of December, 2021.

                        Respectfully submitted,

                        */s/ Jessica N. Wimsatt*
                        Jay Inman
                        Jessica N. Wimsatt
                        **LITTLER MENDELSON, P.S.C.**
                        333 West Vine Street, Suite 1720
                        Lexington, Kentucky 40507
                        Telephone: (859) 317-7970
                        Facsimile: (859) 201-1374

> Email: jinman@littler.com
> jwimsatt@littler.com
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of December, 2021, the foregoing was electronically filed with the Clerk of the Court using the Court's electronic filing system, with a copy being provided electronically to Plaintiff's counsel:

Kurt A. Scharfenberger (kurt@scharfenberger-law.com)
9000 Wessex Place, Suite 204, Louisville, KY 40222

*/s/ Jessica N. Wimsatt*
Counsel for Defendant