UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM ROBINSON                                                                                    PLAINTIFF

v.                                                                                                      No. 3:21-cv-762-BJB

METZ CULINARY MANAGEMENT, INC.                                                         DEFENDANT

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

William Robinson worked for nine days for Metz Culinary Management. *See* Complaint (DN 1-1) ¶ 4. During that time he says his co-workers discriminated against him, mocked him for his race, and told him "not to speak to 'the white people' while at work." ¶¶ 5–6. After he complained he says the company fired him. ¶ 7. So he sued in Kentucky state court seeking compensatory damages for past and future lost wages, emotional-distress damages, punitive damages, attorneys fees, and statutory interest. Complaint at p. 3. Metz removed the case to federal court, asserting diversity jurisdiction and an amount in controversy exceeding $75,000. DN 1. Robinson filed a motion to remand along with a stipulation that he would neither seek nor accept damages exceeding $75,000 (DN 4), and Metz filed a partial motion to dismiss (DN 8). Because Robinson's post-removal stipulation clarifies that the amount in controversy falls below the federal jurisdictional minimum, the Court remands the case back to Bullitt County Circuit Court.

### I.

Federal law treats plaintiffs as the masters of their complaints. *See Innovation Ventures, LLC v. Custom Nutrition Laboratories., LLC*, 912 F.3d 316, 331 (6th Cir. 2018). As a general rule, "the amount claimed by a plaintiff in his complaint determines the amount in controversy." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000). But many cases arrive in federal court after removal from state court, where the plaintiff initially filed the complaint under different rules.

Kentucky procedure, for example, instructs plaintiffs *not* to specify the amount they seek to recover. *See* KY. R. CIV. P. 8.01(1)(a), (2). And Kentucky law permits plaintiffs to recover more than their complaints sought. *See* KY. R. CIV. P. 54.03 ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."). Under these state-court procedures, the first specification of the amount in controversy may not occur until discovery. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781

F. App'x 463, 469 (6th Cir. 2019); *Hendricks v. Quickway Transp., Inc.*, No. 3:20-cv-710, 2021 WL 1235265, at *2 (W.D. Ky. Apr. 2, 2021).

But Congress has provided that if "[s]tate practice … does not permit demand for a specific sum," a defendant may remove a suit that seeks "money judgment" by asserting that the actual value of the claim exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2). The defendant bears the burden of proof, "by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Heyman*, 781 F. App'x at 469 (quoting 28 U.S.C. § 1446(c)(2)).

Normally this jurisdictional determination is made at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). And in general plaintiffs may not evade federal diversity jurisdiction by stipulating, after the fact, that they seek no more than $75,000. But as the Sixth Circuit recently explained:

> [F]ederal courts recognizing the pleading limitations placed upon Kentucky plaintiffs have held that, *after removal to federal court*, "[a] plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy *for the first time*.'" *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (emphasis added) (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). *See also* 28 U.S.C. § 1446(c)(2) (If "the State practice ... does not permit demand for a specific sum ... removal of the action is proper ... if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). In such a situation, the stipulation by the plaintiff is not deemed a post-removal change in the prayer for relief but merely a clarification of the plaintiff's intent. *Egan*, 237 F. Supp. 2d at 778. "[O]nly an unequivocal statement and stipulation limiting damages will serve this purpose," however. *Id.*

*Heyman*, 781 F. App'x at 469–70.

## II.

Immediately after Metz removed, Robinson filed a stipulation that he would "neither seek nor accept any amount equal to or greater than seventy-five thousand dollars." Stipulation (DN 4-1) ¶ 1.

This stipulation is indisputably Robinson's first specification of the amount of damages he seeks. *See* Response (DN 6) at 1 ("In his Motion, Plaintiff seeks to introduce a post-removal stipulation limiting damages, including attorney's fees, to a maximum of $75,000."). Unlike the plaintiff in *Rogers*, who attempted to use a post-

removal stipulation to *change* an earlier estimation of the amount in controversy, Robinson's stipulation serves as his first estimation, and *clarifies* the amount at issue. *See* 230 F.3d at 871.

Robinson's stipulation that he would neither seek or accept" damages above $75,000 is also unequivocal. "Such unequivocal wording," the Sixth Circuit has recognized, "has been found in other cases to be sufficient to limit a plaintiff's monetary recovery." *Heyman*, 781 F. App'x at 470–71 (collecting district-court decisions). In *Van Etten v. Boston Scientific Corp.*, for example, the plaintiff explained in his motion to remand that he would "not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000". No. 3:09-cv-442, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). The court ruled that the clarifying "unequivocal stipulation" left "no doubt" that the amount in controversy fell beneath the required amount at the time of removal. *Id.* So the court remanded the case to state court. *Id.* at *2; *see also Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013) (stipulation was unequivocal in specifying that plaintiff would "neither seek nor accept money in excess of the jurisdictional amount"); *Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-cv-46, 2013 WL 3280244, at *4 (W.D. Ky. July 27, 2013) (same); *Jefferson v. Hyatt Corp. of Delaware*, No. 3:14-cv-601, 2015 WL 1611834, at *4–5 (W.D. Ky. Apr. 10, 2015) (same).

Robinson's stipulation likewise leaves him "no room to escape the bounds of its restrictions." *Spence*, 931 F. Supp. 2d at 782. True, as Metz makes clear, if Robinson proves all of his claims, the value of the injury that Robinson suffered may exceed $75,000. *See* Response at 4 (defendant's estimate of alleged losses). But the Kentucky state court will be obliged to respect Robinson's stipulation to constrain the amount he may recover. *See Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 677 (2010) (describing stipulations as "binding and conclusive") (quotation omitted); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013) (stipulations are "express waiver[s]"); *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-cv-244, 2018 WL 6728571, at *5 (W.D. Ky. Dec. 21, 2018) (remanding case to Jefferson Circuit Court, in light of stipulation, because "any attempt to void the commitment will be considered to be sanctionable conduct and may justify re-removal." (quotation omitted)).

\*\*\*

The Court grants Robinson's motion to remand to Bullitt Circuit Court (DN 4), and denies as moot Metz's motion to dismiss (DN 8).

Benjamin Beaton, District Judge
United States District Court

June 1, 2022

3